# EXHIBIT A

VIRGINIA:

IN THE CIRCUIT COURT FOR LOUDOUN COUNTY

MD Uddin,

Plaintiff.

v. Case No. CL24-6958

WALMART, INC.
**SERVE:**

Registered Agent:
CT Corporation
4701 Cox Road, #285
Glen Allen, VA 23060

Defendant.

FILED
2024 DEC -9 A 11:45
CIRCUIT COURT
CLERKS OFFICE
LOUDOUN COUNTY, VA
TESTE:_________D.C.

**COMPLAINT**

COMES NOW, the Plaintiff, MD UDDIN , by Counsel, and moves this Honorable Court for judgment against the Defendant, WALMART, INC., on the grounds and in the amounts are hereinafter set forth as follows:

**PARTIES**

1. MD Uddin ("Plaintiff") is a resident of Fairfax County, VA.

2. Walmart, Inc., ("Defendant") is an American multinational retail corporation, that operates a chain of hypermarkets, discount department and grocery stores throughout the United States and the world. It is incorporated in Wilmington, Delaware with its headquarters in Bentonville, Arkansas.

3. That the Defendant owns and operates a "Walmart Supercenter" store which Is located at 45415 Dulles Crossing Plaza, Sterling, VA 20166, (hereinafter the "premises").

## NEGLIGENCE

4. On or about December 18, 2023, the Plaintiff was a lawful invitee of a Walmart. Supercenter store located at 45415 Dulles Crossing Plaza, Sterling, VA 20166. He was there to purchase various items on the premises.

5. The Plaintiff was in the process of picking up a package of Diet Coke that was stacked on the side of an aisle, as he was removing the package of Diet Coke, a package of Diet Coke from an adjoining stacked column of Diet Coke, fell on his head causing him significant injuries.

6. Subsequent to his fall, the Plaintiff observed that the adjoining packages of Diet Coke were not stacked in a stable and proper manner as they were misaligned in a precarious fashion.

7. As the owner of the aforementioned premises, a place of business to which the public is actively solicited, the Defendant through its agents and employees, had a duty to use reasonable care:

a. to avoid allowing unsafe or dangerous conditions to exist on the premises.

b. to make reasonable inspections, on a time appropriate basis, to determine whether certain conditions exist or were reasonably foreseeable to exist.

c. to ensure that products for sale that are located on the sies of aisles that are alongside the passageways that experience pedestrian traffic within the premises are safe.

d. to keep and maintain the premises, including stacked merchandise adjacent to foot traffic are maintained on in a reasonably safe condition.

e. to maintain and ensure that displayed merchandise is maintained in a safe and prudent procedure and that it knew or should have known that a dangerous condition existed on the premises and to exercise, at all times, a high level of care to protect invitees and or customers while they are shopping at the store.

f. to warn customers on the premises of any unreasonable, unsafe or dangerous conditions, which are known or should have been known to, Defendant. and/or its agents or employees.

g. to have either failed to correct the defect, or negligently remedied the defect.

h. to have a policy/or procedure exercised in a reasonable manner designed. to detect unsafe conditions or hazards on the premises.

i. to have reasonably warned the public that the dangerous condition existed. on the premises.

8. Notwithstanding these duties, on or about December 18, 2023, Defendant, through its agents and/or employees, negligently permitted a dangerous. condition to exist and remain on the premises for an unreasonable period of time.

9. Additionally, the Defendant and its agents and/or employees failed to properly inspect and/or examine the stack of Diel Cokes that were improperly maintained. on the premises.

10 The Defendant failed to timely remedy the improperly stacked merchandise alongside common walkways and failed to warn the Plaintiff of its existence.

11. The Defendant knew, or through the exercise of reasonable or appropriate care should have known of the existence of the aforementioned improperly stacked merchandise .

12. The Defendant's negligence, as aforesaid, was the direct, foreseeable and proximate cause of the Plaintiff sustaining severe and permanent bodily injuries and mental anguish; he has incurred, and will continue to incur, medical expenses attempting to cure himself of such injuries; and his normal social and recreational. activities have been curtailed.

WHEREFORE, the Plaintiff, MD Uddin, demands judgment against Defendant WALMART, INC., in the amount of ONE HUNDRED THOUSAND DOLLARS and NO CENTS ($100,000.00) plus interest from December 18, 2023, as well as costs.

Respectfully submitted,

MD UDDIN

By Counsel

By: Leon S. Demsky, Esq., VSB #14793
2300 Clarendon Blvd., #607
Arlington, VA 22201
Counsel for Plaintiff
(703) 981-5770
demskylaw@aol.com